The document below is hereby signed.

Signed: August 17, 2018

S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

```
In re                         )
                              )
JAMES ALLEN,                  )    Case No. 18-00498
                              )    (Chapter 13)
               Debtor.        )    Not to be Published in
                              )    West's Bankruptcy Reporter.
```

MEMORANDUM DECISION AND ORDER DISMISSING CASE FOR
FAILURE TO FILE CERTIFICATE OF PREPETITION CREDIT COUNSELING

The debtor has filed a *Certification of Compliance With 11
U.S.C. § 109(h)(1) and Request for Extension* (Dkt. No. 37)
requesting the court under 11 U.S.C. § 109(h)(3) to extend the
time for the debtor to obtain the credit counseling required
under 11 U.S.C. § 109(h)(1).  For the reasons stated below, the
debtor does not qualify as a debtor under § 109(h) and the case
must be dismissed.

I

The debtor commenced this case by filing a voluntary
petition on July 19, 2018.  The debtor filed a certificate of
credit counseling on July 31, 2018, which certified that the
debtor received credit counseling **postpetition** on July 20, 2018.
The court issued an order on August 3, 2018, requiring the debtor

to file a certificate of **prepetition** credit counseling or show cause why the case ought not be dismissed.  The debtor then filed his *Certification* requesting the court to extend the time to file the certificate of credit counseling under 11 U.S.C. § 109(h)(3) on August 10, 2018.

The debtor explains that he always intended to complete credit counseling on July 19, 2018, and to file his petition on July 20, 2018, to stop the foreclosure of his property located at 8202 Terra Valley Lane, Tomball, TX 77375 ("Property").  He had his sister file the petition on July 19, 2018, in the court's overnight drop box and forgot to inform his sister to not time-stamp the petition, prior to dropping the petition in the drop box, so that no time of filing would be affixed until the next day when the Clerk would time-stamp the petition.  The debtor further represents that he did not know seven days in advance of filing his petition that he needed the certificate of credit counseling prior to filing.  The debtor registered for credit counseling on July 19, 2018, and worked on the counseling throughout the day, and thought he completed the counseling. However, a requirement of the credit counseling agency was that he complete a declaration.  He did not enter his name and the last four digits of his social security number on the declaration, a step the credit counseling agency required for the counseling to be treated as completed.  He did not learn that the

counseling was incomplete until the following day, July 20, 2018.
He completed the declaration that day, with the certificate of
credit counseling issued by the provider thus showing that
completion of credit counseling occurred on July 20, 2018.

II

Under § 109(h)(1), a person may not be a debtor if that
person has not received a certificate of credit counseling within
180 days prior to the filing of a case in bankruptcy.  However,
under § 109(h)(3)(A), the debtor is excused from filing a
certificate of prepetition counseling if the debtor:

> submits to the court a certificate that—
>
> (I) describes exigent circumstances that merit a
> waiver of the requirements of paragraph (1);
>
> (ii) states that the debtor requested credit
> counseling services from an approved nonprofit budget and
> credit counseling agency, but was unable to obtain the
> services referred to in paragraph (1) during the 7-day
> period beginning on the date on which the debtor made the
> request; and
>
> (iii) is satisfactory to the court.

The debtor's *Certification* certifies that he was unable to
obtain credit counseling services during the 7 days after
requesting credit counseling services, and that there were
exigent circumstances that merit a waiver of the requirement
under § 109(h)(1).  The debtor contends that he was filing to
prevent an ongoing foreclosure on the Property, but the debtor
does not fully explain how the foreclosure was an exigent

3

circumstance.  The debtor does not provide the date upon which the foreclosure was to take place.  He says that he planned to file for bankruptcy on July 20, 2018, to prevent the foreclosure, but does not testify that the foreclosure was supposed to happen that same day, or at some later date, but even if the foreclosure sale was within a day or two of filing of the petition, that would not alter the outcome.

The debtor appears to have known of the foreclosure sale many days in advance of filing his petition.  It does not appear that the foreclosure was sudden or a surprise.  However, I bypass the issue of whether there is no  exigent circumstance when a debtor was aware of an imminent foreclosure for many days in advance of the foreclosure.  *Compare In re Rodriguez*, 336 B.R. 462, 474–475 (Bankr. Idaho 2005) (holding that filing a petition on the eve of foreclosure was not an exigent circumstance because "[foreclosures do not come without a good deal of advance notice . . . nonbankruptcy law has myriad procedural protections for debtors providing advance notice of what might occur and when"), *with In re Cleaver*, 333 B.R. 430, 435 (Bankr. S.D. Ohio 2005) (holding imminent foreclosure was an exigent circumstance because "the common reality is that many debtors file at the last minute just before a foreclosure sale . . . [f]urthermore, it is difficult to conceive of an exigent circumstances related to bankruptcy that would not involve impending creditor action").

4

Even if an extremely imminent foreclosure sale may be considered an exigent circumstance (despite the debtor's knowing of the foreclosure sale for many days beforehand), the certificate of credit counseling shows that the debtor obtained credit counseling within one day of requesting credit counseling. Accordingly, he has not satisfied the statutory requirement that he could not obtain credit counseling within seven days of requesting such services.

The debtor's *Certification* shows a misunderstanding of what the 7-day requirement under § 109(h)(3) actually entails.  The debtor certifies that he did not know seven days prior to filing the petition that he was required to take the credit counseling before filing, and implies that because he registered for the course on July 19, 2018, and needed to file on July 20, 2018, to prevent the foreclosure on his property, he did not have seven days to complete the counseling.  However, an intervening exigent circumstance does not qualify as a preventing factor in obtaining the required counseling in seven days.  The debtor must have been unable to obtain credit counseling within seven days of requesting counseling, regardless of any intervening exigent circumstance that will transpire before the expiration of the seven days.  Here, the debtor requested the services on July 19, 2018, and completed the services within a day.

Finally, the certificate is not satisfactory to the court.

Credit counseling is readily available.  A debtor ought to take reasonable steps to assure that such counseling has been completed before filing a petition, instead of waiting until the equivalent of the last minute before attempting to satisfy the statutory requirement.

III

For all of these reasons, the court denies the request for an exception under § 109(h)(3), and the debtor does not qualify as a debtor under § 109(h)(1).  It is thus

ORDERED that the above-captioned case is DISMISSED.

[Signed and dated above.]

Copies to: Debtor (by hand-mailing); all entities on the BNC mailing list.